**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Nhan Le TRAN, Defendant—Appellant.**

No. 03–10336.

D.C. No. CR–98–20060–JW.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 4, 2004.*

Decided Oct. 7, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Kirby A. Heller, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Donald B. Marks, Marks & Brooklier, Los Angeles, CA, for Defendant–Appellant.

Before RYMER, TALLMAN, and BEA, Circuit Judges.

### MEMORANDUM\*\*

Nhan Le Tran appeals his sentence on one count of conspiring to transport stolen computer chips, one count of conspiring to obstruct commerce by robbery, and one count of using a firearm during a robbery. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

■ The government concedes that Tran's criminal history should have been calculated in Category I rather than Category II, and that the district court erred by counting Tran's conviction in Santa Clara County Superior Court on December 18, 2003 as a prior conviction for purposes of calculating criminal history. We decline the government's invitation to recalculate the amount of loss, and instead remand so that the district court may consider the government's argument in the first instance.

As we must vacate this part of Tran's sentence in any event, we also decline to consider his submission under Fed. R.App. P. 28(j) that his sentencing enhancements are unconstitutional in light of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The United States Supreme Court has granted certiorari in *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004); *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), which may bear on this issue. Therefore, we leave it to the district court on remand to consider what effect, if any, *Blakely* has on Tran's sentence.

■ If the court determines that *Blakely* has no effect, then it may reinstate that part of Tran's sentence based on an upward adjustment pursuant to U.S.S.G. § 3B1.1(a) (1993). Tran argues that the district court's finding is unsupported, but we disagree. The district court's finding is supported, even if clear and convincing

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

evidence were required, by testimony showing that Tran recruited others to commit various robberies and burglaries; he held meetings organizing the crimes; he directed co-conspirators as to when, where and how to commit the robberies and burglaries; and he provided remuneration to co-conspirators after successful commission of the crimes. *See United States v. Berry,* 258 F.3d 971, 977 (9th Cir.2001). The testimony is not unreliable, as Tran contends, just because all three witnesses were co-defendants who had accepted a plea bargain. He points to no inconsistencies or other indicia of untruthfulness, and the trial court was in a superior position to assess these witnesses' credibility. *Anderson v. City of Bessemer,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *see also Berry,* 258 F.3d at 976 (noting that consistency lends reliability to co-defendants' statements even if they are self-serving).

VACATED and REMANDED.